UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR CORRAL GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:12-CR-00324-LJO-01<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S REQUEST FOR SENTENCING TRANSCRIPT AND FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE A 28 U.S.C. § 2255 PETITION (DOC. 19) |

Edgar Gonzalez ("Petitioner"), a prisoner in federal custody, filed a request styled as a Motion to Vacate, Set Aside, or Correct Sentence or Conviction pursuant to 28 U.S.C. § 2255 ("§ 2255"). In his petition, rather than presenting grounds upon which to vacate, set aside, or correct his sentence or conviction, Petitioner asks the Court (1) to furnish him with a copy of his sentencing transcripts and (2) for "an extension of time to proceed" with his § 2255 motion. Doc. 19 at 2.

As to the first request, 28 U.S.C. § 753(f) provides that "[f]ees for transcripts furnished in proceedings brought under [§ 2255] of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Here, however, Petitioner has provided no basis upon which this court can determine whether or not his § 2255 Petition would be frivolous. Therefore, his request for a transcript is DENIED WITHOUT PREJUDICE. Petitioner may renew this request as part of a filing that sets forth non-frivolous grounds for a § 2255 Petition.

As to the second request, this Court is without jurisdiction to address Petitioner's request for an

extension of time. Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." *See Valley Forge Christian College v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). In the absence of an actual petition for a writ of habeas corpus, there is no case or controversy for this Court to adjudicate. *Chairez v. Adams*, C 07-2643 MMC (PR), 2007 WL 1703750 (N.D. Cal. June 11, 2007); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) ("Prior to an actual filing, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."). Upon the filing of an actual § 2255 Petition, Petitioner may present any bases for tolling the applicable statute of limitations.

IT IS SO ORDERED.

Dated:   **October 7, 2014**            **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

2